UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61620-CIV-COHN

WILNER JOSEPH,

Magistrate Judge White

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Movant Wilner Joseph's Motion for Reconsideration [DE 41].  The Court has carefully considered the motion and is otherwise fully advised in the premises.

Movant Wilner Joseph ("Movant" or "Joseph") seeks to vacate the final judgment of this Court denying his Section 2255 motion to vacate his 240 month sentence.  Joseph asserts that the Court has misinterpreted his prior motions because his claim "that counsel misadvised him as to the sentencing consequences of accepting the government's plea offer" pertains to the time period prior to the Government filing its notice under 21 U.S.C. § 851.

In the Court's prior Orders denying relief in this case, this Court referred and relied upon the Report issued by Magistrate Judge White.  Report of Magistrate Judge [DE 23].  Judge White explained why Mr. Joseph's first claim that "counsel was ineffective by failing to advise him [Joseph] of the difference between the likely sentencing ranges if he pleaded guilty versus going to trial" should be denied.  Report at pp. 8-9.  Judge White explained:

> [Movant] contends that he was told that if he pleaded guilty, he was facing a guidelines range of between 188 and 235 months, and if he went to trial he would be facing between 262 and 327 months. Joseph states that there was little difference between the ranges, and he therefore elected to go to trial. He contends that had he known he was facing 360 months to life he would have pleaded guilty to a range of 188 to 235 months. . . . This contention is clearly belied by the Revised PSI, which adjusted his guideline range from 360 months to life to 235 months to life. After an unsuccessful jury trial, he ultimately received a sentence of 240 months, which was near the low end of the guidelines.

The Report also noted that the Government "asserts that it would not have offered Movant a guilty plea to Count 3 alone, and Joseph faced a mandatory minimum of twenty years on Counts 1 and 2 resulting from the government's § 851 enhancement." Report, p. 9, n.2. The Magistrate then concluded that under <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984), Movant cannot demonstrate that counsel's alleged failure to advise resulted in prejudice.

Movant is now arguing in his Motion for Reconsideration that the Court must only look at his claim prior to the Government's filing of the Section 851 Notice. Movant asserts that he would have accepted a plea when his range was 188 to 235 months. However, in his Motion to Vacate, Movant asserts that because his counsel had told him that if he plead guilty he was facing 188-235 months (Level 31), but if he went to trial and was convicted he was facing 262 to 327 months (Level 34), Joseph elected to go to trial because of this "minor difference." Motion to Vacate at p. 10 [DE 1].

After trial, the Pre-Sentence Investigation Report initially indicated that he qualified as a career offender and his guideline range was 360 months to life. Report at p. 5. However, his defense counsel successfully argued that a listed prior conviction was not that of Mr. Joseph. His offense level was reduced to Level 34, and the Court

sentenced Mr. Joseph to 240 months.  Therefore, there is no point in attempting to divine what happened between Mr. Joseph and his counsel prior to the Government's filing of the Section 851 Notice because Mr. Joseph ended up with a 240 month sentence, an amount of time he declined to accept prior to trial because it was only a "minor difference" (Mr. Joseph's own words in his Motion to Vacate) from the amount of time his counsel advised him he was facing if he plead guilty.  There was no prejudice as a result of any failure to advise Mr. Joseph.  Moreover, defense counsel was correct in what the ultimate sentence would be if Mr. Joseph was convicted after trial, thus he was not ineffective under an objective standard.

Accordingly, it is **ORDERED AND ADJUDGED** that Movant Wilner Joseph's Motion for Reconsideration [DE 39] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of March, 2010.

_____
JAMES I. COHN
United States District Judge

copies to:

Wilner Joseph #70895-004
FCC Coleman Medium
P.O. Box 1032
Coleman, FL 33521-1032

Patricia Diaz, AUSA

3